HEISE (TRUNDLE v.). See Case No. 14,207.

HEISER (FRANKLIN v.). See Case No. 5,054.

HEISKELL (SMITH v.). See Case No. 13,-056.

HEISSENBUTTEL (McGOVERN v.). See Case No. 8,805.

HELENA, The (UNITED STATES v.). See Cases Nos. 15,341 and 15,342.

## Case No. 6,330.

### The HELEN E. BOOKER.

CASTE et al. v. The HELEN E. BOOKER.

[5 Adm. Rec. 714.]

District Court, S. D. Florida. July 21, 1857.

SALVAGE—COMPENSATION.

[For saving the materials and cargo of a vessel laden with iron, wrecked on Carysfort Reef, where it was difficult and dangerous to lay alongside, two-thirds of the cargo being dived for, and a large number of salvors taking part. the court allowed $21,050.70 on the cargo, valued at $36,222.70, and $1,704.56 on the materials, valued at $4,193.05.]

[Cited in Roberts v. The St. James, Case No. 11,914. Distinguished in Baker v. The Slobodna, 35 Fed. 542.]

[This was a libel in rem by Edgar Caste and others against the cargo and materials of the ship Helen E. Booker, for salvage.]

S. R. Mallory, for libellants.
S. I. Douglas, for respondent.

MARVIN, District Judge. This ship, laden with railroad iron, was lost upon Carysfort Reef. It is a disastrous wreck to the owners and underwriters, and not profitable to the salvors; for the salvage the court is obliged to give. in order to compensate the salvors for their work and labor, simply, will leave but a small proportion of the savings to the owners and underwriters. The ship lay upon an exposed reef where it was difficult and dangerous to lay alongside to get the iron out of the wreck. Two-thirds of it was under water, and had to be dived for, piece by piece, and the whole service has been laborious, protracted, and performed by a large number of salvors. The total number of bars of iron saved is 6,279, valued at $36,222.70. The total materials saved have been sold for $4,193.05. The total salvage proposed to be allowed is $22,754.73.

It is therefore ordered and decreed that the libellants recover and receive for their services in saving the materials of the said ship the sum of $1,704.56, and that the residue of the proceeds of said materials be charged with the wharfage, storage, labor, and other bills properly chargeable thereto, and their proportion of the costs and expenses of this suit, and the master's bill for his services in taking care of the same and cargo, and that the remainder of said proceeds of materials, amounting to the sum of $1,514.32, be paid to the master, for and on account of whom it may concern. That the libellants recover the sum of $21.050.17 for their services in saving the said cargo, to be apportioned among them according to their respective interests and the schedule hereunto annexed, and that the said cargo be charged with its own wharfage, storage, labor bills, and other bills that belong properly to the cargo alone to pay, and its proportion of the master's bill and of the costs and expenses of this suit, which charges and costs in the whole amount to $4,854.89, and the total salvage costs and charges for the cargo to pay amount to $25,-905.06, and upon the payment thereof the mashal restore said cargo to the master of said ship for and on account of whom it may concern. That the clerk pay the said charges, costs, and salvage, as allowed by the court. That it be referred to Mr. Baldwin to divide the salvage into shares among the different salvors according to their respective interests, and that he be allowed therefor fifty dollars, to be paid out of the salvage by the salvors.